UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

SON PHAM,

        Defendant.

Case No. CR13-123-RSL

**ORDER DENYING MOTION TO RECONSIDER DETENTION ORDER**

Defendant moves the Court to reconsider its detention order on the grounds the Court "overlooked and/or misapprehended matters," and there are "new facts for the court to consider." Dkt. 43. The Court may "reopen" or reconsider a detention order if there is new information that was not known to the movant at the time of the detention hearing that has a material bearing on the issue of flight risk and danger to the community. *See* 18 U.S.C. § 3142(f)(2)(B).

Defendant contends the following new information compels release: (1) he has a record of making court appearances and complying with conditions of release set by the King County Superior Court; (2) the government has not filed additional criminal charges since the detention hearing; (3) the counterfeit money found at defendant's home was "novelty money" used for religious practices; (4) the discrepencies in defendant's income are based on the fact he and Ms. Dao are not married; and (5) co-defendant Lim was released.

ORDER DENYING MOTION TO RECONSIDER
DETENTION ORDER - 1

This is not new information.  At the time of the detention hearing, defendant obviously knew about how he performed while charges were pending in King County Superior Court, that the "novelty money" was for religious purposes, and his financial arrangements with Ms. Dao. He thus had no excuse for failing to present this information at the detention hearing.  Moreover, his motion for reconsideration highlights the discrepancies regarding his income.  At the hearing, the defense position was defendant did not know what his income was.  This is inconsistent with the attachments defendant submitted with his motion for reconsideration which contain copies of checks Ms. Dao issued to defendant as payment for his work at her salon.  Given these paychecks, defendant should have been able to clearly state his income at the detention hearing but did not.

The declaration Ms. Dao submitted in support of reconsideration is also problematic. The declaration does not contain information that Ms. Dao was unaware of at the time of the detention hearing and is also inconsistent with her statements to the Court at the hearing.  At the hearing, Ms. Dao claimed to be defendant's wife and was unable to explain her financial situation or defendant's financial situation.  Now she claims she is not married to the defendant, has a loose meretricious relationship with him, and that their finances are completely separate. Also, at the hearing Ms. Dao made no mention about the counterfeit money found at defendant's home.  Now she claims it was "novelty money" used for religious purposes.

Defendant raises other arguments none of which are persuasive.  That the government has not charged defendant with additional crimes is not, alone, grounds for reconsideration—in fact it does not appear to be factor to consider.  *See* 18 U.S.C. § 3142(g).  Likewise, the Court's release of a co-defendant is not grounds for reconsideration or for release.  *Id.*

In sum, defendant has failed to present new information that was not known to him at the

ORDER DENYING MOTION TO RECONSIDER
DETENTION ORDER - 2

time of the detention hearing that has a material bearing on the issue of flight risk and danger to the community, there are no grounds to reopen the detention hearing. Accordingly, the Court **DENIES** defendant's motion for reconsideration (Dkt. 43) of the Court's order detention order.

The Clerk is directed to provide a copy of this Order to the parties, and the Honorable Robert S. Lasnik.

DATED this 30th day of April, 2013.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DENYING MOTION TO RECONSIDER
DETENTION ORDER - 3